UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE ROWE,                      Case No. 1:08-cv-145

    Plaintiff,                      Judge S. Arthur Spiegel
                              Magistrate Judge Timothy S. Black

vs.

LAWRENCE COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT (Doc. 10) BE DENIED**

This matter is before the Court upon *pro se* Plaintiff Ronnie Rowe's motion for default judgment (Doc. 10) and Defendants' response in opposition (Doc. 12).

### I.   PROCEDURAL HISTORY

On February 29, 2008, Plaintiff initiated this action by filing a *pro se* complaint. (Doc. 2). On March 24, 2008, Defendants' were served with a copy of the complaint and summons were returned executed. (Docs. 3, 4). Pursuant to Fed. R. Civ. P. 12(A)(i), Defendants were required to serve a responsive pleading "within 20 days after being served with the summons and complaint." Accordingly, Defendants' response was due April 13, 2008, which is a Sunday. However, pursuant to Fed. R. Civ. P. 6(a)(3), when the last day of the period is a Sunday, "the period runs until the end of the next day that is not

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

a . . . Sunday." Therefore, Defendants' response was due Monday, April 14, 2008. On Tuesday, April 15, 2008, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Doc. 5). On June 13, 2008, Plaintiff filed a motion for default judgment (Doc. 10) claiming that he was entitled to default judgment as a matter of law because Defendants failed to respond to the complaint as required pursuant to Fed. R. Civ. P. 15.[2]

## II.  ANALYSIS

The procedure governing the entry of default is provided by Fed. R. Civ. P. 55(a), which states in pertinent part:

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

---

[2] Fed. R. Civ. P. 15, which pertains to amended and supplemental pleadings, is not the proper Federal Rule upon which Plaintiff should have based his default judgment motion. In an affidavit attached to the motion for default judgment, Plaintiff claims that he filed an amended complaint on May 12, 2008; however, no such document was ever properly filed. On May 12, 2008, Plaintiff filed a "Motion to Strike or to Not Consider Defendants' Motion, Motion to Recognize Admission of All Facts in the Complaint and For Default Judgment." (Doc. 6). In this motion, Plaintiff requested the Court to "consider Defendants' Motion to Dismiss as filed untimely." (*Id.*) Additionally, Plaintiff attached an amended complaint to the motion, but failed to seek leave of court as required by Fed. R. Civ. P. 15(a)(2). (*Id.*) Therefore, Plaintiff's amended complaint was never properly filed and Defendants were not required to respond. In an Order dated June 5, 2008, the Court considered Plaintiff's May 12, 2008 motion (Doc. 6) as a responsive pleading to Defendants' motion to dismiss. (Doc. 7). Accordingly, the Court will proceed under the assumption that Plaintiff's June 13, 2008 motion for default judgment (Doc. 10) is based on Defendants' failure to respond to the complaint, rather than Defendants' failure to respond to an *amended* complaint.

2

The decision to enter a default judgment "is a drastic remedy which should be used only in extreme situations . . . [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  *See also, Steck Mfg. Co. v. Hildebrand*, Case No. C3-98-196, 2000 U.S. Dist. LEXIS 22113, at *2 (S.D. Ohio Dec. 29, 2000) ("default judgment is a drastic remedy normally to be viewed as available only when the adversary process has been halted because of an essentially unresponsive party").

The exceptional circumstances that would justify an entry of default judgment for Plaintiff are not present in this case.  At this time, Defendants have filed a responsive pleading.  (Doc. 5).  Plaintiff has not shown that the Defendants' failure to respond to the complaint within the prescribed time period prejudiced Plaintiff in any way.  Moreover, Defendants filed a responsive pleading in this case prior to Plaintiff's filing the motion for default judgment and only one day after the filing deadline.  In light of these circumstances and the usual preference that cases be heard on the merits, the Court finds default judgment inappropriate in this case.

### III.    CONCLUSION

Defendants have not failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  Thus, pursuant to Fed. R. Civ. P. 55(a) and in the interest of justice, entry of default judgment is improper.  **IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 10) should be **DENIED**.


Date: <u>October 7, 2008</u>                               <u>s/ Timothy S. Black</u>
                                                                          Timothy S. Black
                                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE ROWE,

    Plaintiff,

vs.

LAWRENCE COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

    Defendants.

Case No. 1:08-cv-145

Judge S. Arthur Spiegel
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).