UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONNIE ROWE, | : | Case No. 1:08-cv-145 |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| LAWRENCE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) RONNIE ROWE'S MOTION FOR VOLUNTARY DISMISSAL (Doc. 11) BE GRANTED; (2) DEFENDANTS' MOTION TO DISMISS (Doc. 5) BE DENIED AS MOOT; AND (3) THIS CASE BE CLOSED**

Plaintiff initiated this action on February 29, 2008 by filing a *pro se* complaint (Doc. 2) against the Lawrence County Sheriff's Department and others, stemming from Defendants' alleged unlawful detention of Plaintiff.

On April 15, 2008, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 5). Defendants filed the motion to dismiss in lieu of answering Plaintiff's complaint. On July 7, 2008, Plaintiff filed a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). (Doc. 11). Defendants did not file a memorandum in opposition. These matters are now ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

A plaintiff may voluntarily dismiss a complaint without leave of court before the defendant files a response. Fed. R. Civ. P. 41(a)(1). Federal Rule of Civil Procedure 41(a)(1)(A) provides:

> "[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice."

Defendants filed neither an answer to the complaint nor a motion for summary judgment. Although Defendants filed a motion to dismiss, that filing does not defeat a voluntarily dismissal under Fed. R. Civ. P. 41(a)(1). *See Aamot v. Kassel,* 1 F.3d 441, 444-445 (6th Cir. 1993) (a defendant's motion to dismiss does not constitute an answer or summary judgment motion under Fed. R. Civ. P. 41(a)(1)); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2363, at 259 (2d. ed. 1995) ("[U]nless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice."). Therefore, Plaintiff's dismissal of the action without prejudice is appropriate.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to dismiss (Doc. 11) be **GRANTED** without prejudice**;** Defendants' motion to dismiss (Doc. 5) be **DENIED** as moot; and this case be **CLOSED.**

Date: <u>November 26, 2008</u>              <u>s/ Timothy S. Black</u>
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONNIE ROWE, | : | Case No. 1:08-cv-145 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| LAWRENCE COUNTY | : | |
| SHERIFF'S DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).